UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-22875-CIV-ALTONAGA/Reid

**MAINSAIL PARENT, LLC**; *et al.*,

    Plaintiffs,
v.

**DAVID JEWELL**, *et al.*,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court upon Plaintiffs, Mainsail Parent, LLC and Specialized Healthcare Partners, LLC's Motion to File Supplemental Exhibits Under Seal [ECF No. 28], filed on August 6, 2024. Plaintiffs seek to file six exhibits under seal because they "rely on confidential corporate information[.]" (Mot. 3–4 (alteration added)). For the following reasons, the Motion is denied.

Courts "have discretion to determine which portions of the record should be placed under seal, but [such] discretion is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (alteration added). Public or judicial records are presumptively public, while documents which are not considered public or judicial records, such as discovery documents, are not. *See F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54 (11th Cir. 2013). "Judges deliberate in private but issue public decisions after public arguments based on public records . . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Perez-Guerrero*, 717 F.3d at 1235 (alteration in original; quoting *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), *abrogation on other grounds recognized by RTP LLC v. ORIX*

CASE NO. 24-22875-CIV-ALTONAGA/Reid

*Real Estate Cap., Inc.*, 827 F.3d 689 (7th Cir. 2016)). The fact the parties have agreed to seal a document is irrelevant. *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (stating it is "immaterial" whether the parties have agreed to seal the record when determining whether a document should be publicly filed).

The Court is left unconvinced that the presumption in favor of public access should be cast aside. Plaintiffs state that the exhibits they wish to seal "contain sensitive corporate, financial, and otherwise confidential business information" that "could be misused" to their detriment. (Mot. 3). Yet, Plaintiffs fail to provide a sufficient factual or legal basis to demonstrate that the *entirety* of the exhibits should be sealed. *See* S.D. Fla. L.R. 5.4(c). The presence of personal, confidential, or proprietary information is not, on its own, a sufficiently "rigorous justification" to overcome the presumption of public access. *Perez-Guerrero*, 717 F.3d at 1235 (citation and quotation marks omitted). Rather, portions of the exhibits may be redacted. Certainly, the Court will not review and prepare or deny a preliminary injunction in an order filed on the *public* docket, following a public hearing, burdened by efforts to omit references to facts the parties deem sensitive and confidential — but necessary for review and consideration — on a record filed under seal.

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiffs, Mainsail Parent, LLC and Specialized Healthcare Partners, LLC's Motion to File Supplemental Exhibits Under Seal **[ECF No. 28]** is **DENIED**.

This Order shall not be filed under seal.

CASE NO. 24-22875-CIV-ALTONAGA/Reid

**DONE AND ORDERED** in Miami, Florida, this 6th day of August, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record