# EXHIBIT "A"

**From:** Robert Gilmore <RGilmore@steinmitchell.com>
**Sent:** Thursday, August 8, 2024 6:16 PM
**To:** Jonathan Pollard <jpollard@pollardllc.com>
**Subject:** Aspirion v. Jewell et al. - FRE 408 - Settlement Communication

**Subject to FRE 408 – For Settlement Purposes Only**

Jonathan,

As discussed on the phone earlier, Aspirion makes the following settlement offer:

1. For 36 months, Defendants (themselves, through Ternium, Ternium employees, or another company) will not solicit or service a list of Aspirion current and prospective clients. That list is being prepared by Aspirion. Defendants themselves will submit a list of the current and prospective Aspirion customers which Defendants have, to date, serviced or solicited.
2. For 36 months, Defendants (themselves, or through Ternium, or Ternium employees, or another company) will not directly or indirectly solicit or hire current Aspirion employees or any former Aspirion employees employed at Aspirion in the past 12 months.
3. Ternium will terminate any employees who worked at Aspirion in the past 12 months.
4. Defendants will submit to a forensic inspection of all of their devices, will return/destroy all Aspirion confidential information, and will agree not to use or disclose any such information.
5. Defendants will pay Aspirion $4 million to compensate Aspirion for its business losses (including compensation paid to Defendants from Aug. 4, 2022 until the Defendants' respective exits from the company ) and attorneys' fees/costs incurred to date.
6. Aspirion will not initiate criminal investigations of Defendants for their misconduct (although of course Aspirion will cooperate with any such investigation if it otherwise is initiated).
7. Defendants cannot comment on the settlement publicly. Aspirion will be allowed to publicize its terms.
8. Defendants will agree not to disparage Aspirion or its employees, or parents/subsidiaries/affiliates.
9. The parties will agree to customary mutual releases (excepting enforcement of the settlement agreement itself).
10. Defendants will sign a "springing" confessed judgment that we will retain in escrow, where if they breach the settlement, Aspirion's release of Defendants will be nullified, and the confessed judgment – which will include robust injunctive measures and money damages – will be entered.

This settlement will be conditioned on signing a definitive written settlement agreement.

As I indicated, these terms reflect Aspirion's view that the case is strong and even stronger after yesterday's hearing – as shown by the Judge's questions whether Defendants are licensed attorneys and concerns about bar issues being implicated; her indication that she would extend the TRO; and her indication that it would be a waste of time for Defendants to move to dissolve the TRO given the strength of Aspirion's case. We feel strongly that if your clients are reasonable and clear-eyed about what they did and what they face, then a settlement can and should be reached.

We look forward to Defendants' response. I'm available to discuss this further when convenient.

**Robert B. Gilmore**
**Stein Mitchell Beato & Missner LLP**
2000 K Street, NW, Suite 600
Washington, DC 20006
**D** 202.601.1589
**C** 202.352.1877
**F** 202.296.8312
rgilmore@steinmitchell.com
www.steinmitchell.com