UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-22875-CIV-ALTONAGA/Reid

**MAINSAIL PARENT, LLC**; *et al.*,

    Plaintiffs,
v.

**DAVID JEWELL**, *et al.*,

    Defendants.
_____/

## STIPULATED CONFIDENTIALITY ORDER

**THIS CAUSE** came before the Court upon the parties' Joint Motion for Entry of [a] Confidentiality and Protective Order and Fed. R. Evid. 502(D) Order [ECF No. 75], filed on November 12, 2024. The Court has considered and applied the Eleventh Circuit's four-factor test for assessing whether good cause exists for the issuance of such an order. *See In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). Being fully advised, it is

**ORDERED AND ADJUDGED** that the Joint Motion for Entry of [a] Confidentiality and Protective Order and Fed. R. Evid. 502(D) Order **[ECF No. 75]** is **GRANTED** as follows:

    1.    <u>Purposes and Limitations</u>. Disclosure and discovery activity in this action are likely to involve production of allegedly confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than in connection with this litigation and related appeals may be warranted under the Local Rules of this District and the Federal Rules of Civil Procedure. Accordingly, this Order authorizes the parties to produce, receive, and use potentially sensitive, non-public information concerning identifiable individuals without obtaining those individuals' consent, provided such information is designated as confidential information as defined under this Order.

2.      <u>Other Proceedings</u>. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant or subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion, order, or is otherwise required to disclose another party's information designated as protected material (as defined in this Order) pursuant to this Order shall, unless prohibited by law, promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

3.      <u>Scope and Terms</u>. This Order shall govern disclosure and use by the parties of all documents, testimony and other materials and information produced in this action by any party or non-party who provides testimony, responds to written discovery, and/or produces documents (a "**Disclosing Party**").  As used in this Order, the term "**Designating Party**" shall mean the party or non-party that designates any document or information under this Order.  As used in this Order, the term "**Receiving Party**" shall mean any party who is the recipient of information supplied by a Disclosing Party, and the term "documents" shall mean all written material, electronically-stored information, images, and data, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, CD-ROM, DVD, hard drive, digital recording, or otherwise).  Documents or information designated as "**Confidential**" or "**Confidential – Attorneys' Eyes Only**" shall be referred to herein as "Protected Material."  Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party, as well as employees and agents of such attorneys, are referred to herein as "**Outside Counsel of Record**."

4. <u>Use of Information Exchanged in this Action</u>. All document and information produced or exchanged in connection with this action, whether or not designated under this Order, shall be used solely for the purposes of conducting this action and shall not be used for any business, commercial, competitive, personal, legal, or other purpose.

5. <u>Protected Material</u>.  All Protected Material to be produced in this action shall only be used, shown, and disclosed as provided in this Protective Order.  Any person or entity in possession of Protected Material as a result of the production of such materials or information in this action shall maintain such materials and information in a secure manner, including but not limited to secure and safe electronic discovery platforms, so as to avoid disclosure of their contents to any person or entity not subject to this Protective Order.  The restrictions provided in this Protective Order with respect to the handling of Protected Material shall also apply to notes, reports, documents, and communications created on or after the date of execution of this Protective Order, that summarize or describe Protected Material that a Party received during this action. However, Protected Material shall not include information which: (i) is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain (including in the docket in this case) after its disclosure to a Receiving Party other than as a result of a violation of this Protective Order or any other unlawful action, (ii) was lawfully obtained by a Party on a nonconfidential basis before or after being produced in this action, or (iii) is known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Further, a party's use and disclosure of its own information, even if contained within Protected Material designated by another party or non-party, shall not be limited or otherwise affected in any way by any term of this Order.

(a) <u>Confidential</u>.  Any Party or non-party may designate as "Confidential" any document, material, recording, or information (including, but not limited to, documents produced in this action, or exchanged informally for purposes of settlement, discovery responses, deposition transcripts and video recordings of depositions) which such Party or non-party reasonably believes, in good faith, to contain or disclose non-public confidential business, financial, credit, compliance, or personnel information, information that the Designating Party is under a legal obligation to maintain as confidential, or any personal health information as defined under HIPAA.

(b) <u>Confidential – Attorneys' Eyes Only</u>. A party or non-party may designate as "Confidential – Attorneys' Eyes Only" any document, material, recording, testimony or information (including, but not limited to, documents produced pursuant to the Federal Rules of Civil Procedure, or exchanged informally for purposes of settlement, discovery responses, deposition transcripts, audio and/or video recordings of depositions) which such Party reasonably believes, in good faith, to contain or disclose trade secret information, the disclosure of which the Designating Party reasonably believes will cause competitive harm

(c) No unredacted and/or unsealed document or information that has already been filed on the docket or admitted as evidence or as an exhibit including in this action may be designated "Confidential" or "Confidential – Attorneys' Eyes Only."

6. <u>Designation of Protected Material</u>. The designation of Protected Material shall be made at the time of disclosure by (i) in the case of hardcopy documents and electronically stored information,[1] placing "Confidential" or "Confidential – Attorneys' Eyes Only" on each page of the document so designated; (ii) in the case of deposition testimony, as provided below; (iii) in the

---

[1] If electronically stored information is produced on a disk or other medium, the Party or non-party shall place the "Confidential" or "Confidential – Attorneys' Eyes Only" designation on outside of the disk or other medium.

case of native files by including "Confidential" or "Confidential – Attorneys' Eyes Only" in the name of the file, or if not reasonable to do so, by emailing counsel for the Receiving Party(ies) to designate such documents or information by bates number (if available) or other explicit reference, (iv) in the case of tangible things, putting Parties on notice of any such "Confidential" or "Confidential – Attorneys' Eyes Only" designation, including, without limitation, by providing such notice in writing during production of the tangible thing, and (v) in the case of inspections of tangible or electronic documents or information, by writing counsel for the Receiving Party(ies) to describe the designated documents and information before, during, or within 60 days after any inspection occurs.  Interrogatory answers, responses to requests for admission or production, deposition transcripts and exhibits, pleadings, motions, affidavits, briefs, expert reports and other documents that quote, summarize, or contain Protected Material also may be stamped accordingly but, to the extent feasible, such materials shall be prepared in a manner such that the Protected Material is separated (e.g., bound separately or on separate pages) from information not entitled to protection; alternatively, designated portions can be redacted from filings and disclosures. Inadvertent failure to designate Protected Material may be remedied by subsequent written notice. Effective upon the giving of any such subsequent written notice, the information, documents, or testimony designated as Protected Material in the subsequent notice shall be deemed subject to this Order.

7. <u>Designation of Deposition Testimony</u>.  Any Party may designate as Protected Material any portion(s) of a deposition transcript that the Designating Party, in good faith, reasonably believes to contain Protected Material.  The Designating Party shall advise the court reporter and counsel of any portions of a deposition to be treated as Protected Material either (i) during the deposition by statement on the record; or (ii) in a writing sent to all Parties within twenty

(20) calendar days after the deposition occurs (this 20 day period may be extended by 10 days automatically upon emailed notice sent to the other parties), or as otherwise agreed by the parties ("**Deposition Designation Period**"). The entire deposition transcript shall be treated as Protected Material subject to the provisions of this Order, unless and otherwise agreed by the Parties, during the Deposition Designation Period. If no Party timely designates information disclosed during a deposition as Protected Material, then none of the deposition or its exhibits (except those previously designated as Protected Material) will be treated as designated. If all or part of the transcript of deposition testimony or exhibits are treated as Protected Material (whether by automatic operation of this Order or by a Party so designating), but are used in other depositions, such Protected Material and all portions of the transcripts of such other depositions and exhibits thereto that refer to such Protected Material shall be treated as designated, and if filed with the Court, shall be filed in accordance with Paragraph 8 below. For the avoidance of doubt, Protected Materials can be utilized during any hearing, deposition, or other proceeding in this action, as along disclosure and filing requirements stated herein are complied with (unless otherwise agreed by the parties or ordered by the Court) the Deposition Designation Period.

8. <u>Use of Protected Material in Deposition</u>. To the extent Protected Material or information obtained from such material is used in depositions, such documents or information shall remain subject to the provisions of this Order, along with the sections of the deposition testimony discussing or otherwise referencing the Protected Material.

9. <u>Filing of Protected Material</u>. If any Party intends to file with the Court any pleading, interrogatory answer, affidavit, motion, brief, or other paper containing, appending, summarizing, excerpting, or otherwise embodying Protected Information, the Party shall comply with Local Rule 5.4 and Sections 5A, 5K, 9A-D, and 10B, as applicable, of the CM/ECF

Administrative Procedures. If, due to a pending deadline or other reasonable need to make the filing, the Party must submit the filing prior to filing a motion to seal or receiving a ruling by the Court on a motion to seal, the Party must, as applicable, redact any designed information from the filing, insert a slip sheet for each such exhibit, and/or appropriately advise that the document or information is subject to a motion to seal or in camera inspection. Unredacted copies of documents and information which are the subject of motions to seal or which will made available for *in camera* inspections must be served on all Parties at the time the subject pleading is filed with the Court.

10. <u>Disclosure of "Confidential" Material</u>. Documents or information designated as "Confidential" shall only be disclosed or shown to the following persons:

(a) Judges in this action and court personnel, including law clerks and clerical personnel;

(b) the Parties (including their officers, directors, employees, and agents who may be reasonably necessary to assist in connection with this action);

(c) Outside Counsel of Record, including their shareholders, partners, associates, secretaries, paralegals, IT staff, and other employees and agents in connection with professional services provided in this case;

(d) the Parties' inhouse attorneys and their legal staff, including paralegals and legal assistants;

(e) court reporters, videographers, and translators providing services in connection with any proceeding or testimony in this action;

(f) persons shown on the face of a document as being an author, sender, recipient, or copy recipient of the designated document or information;

  (g) witnesses or deponents in the action to whom disclosure in preparation for or during any proceeding in this case is provided, however, witnesses who are not otherwise permitted to have access to the "Confidential" designated document or information shall not be permitted to retain a copy of the designated Protected Material;

  (h) experts and consultants retained by a Party in connection with this action (including persons working under the direction or control of such experts and consultants);

  (i) any person who was an author, sender, or recipient of the "confidential" or "confidential attorneys' eyes only" designated document or information at any time before this action mediators that the Parties engage or that the Court appoints;

  (j) jurors;

  (k) mock jurors and focus group members working under the supervision of counsel of record;

  (l) outside vendors, photocopying, e-discovery, forensic, graphic production, and litigation support services, and investigators employed by the Parties or their counsel; and

  (m) any other person agreed to in writing by the Designating Party or upon Order of the Court.

  11. <u>Disclosure of "Confidential – Attorneys' Eyes Only" Material.</u> Documents or information designated as "Confidential – Attorney's Eyes Only" shall only be disclosed or shown to the following persons:

  (a) the Judge and court personnel, including law clerks and clerical personnel;

  (b) the Parties' Outside Counsel of Record;

  (c) the Parties (including their officers, directors, employees, and agents who may be reasonably necessary to assist in connection with this action) but only (1) through

8

screenshare between the Party and the Party's Outside Counsel or (2) during in-person meetings at the offices of the Parties' Outside Counsel. The Parties shall not receive, create, or retain any copy – whether hardcopy or electronic copy – of the files designated as Confidential – Attorneys' Eyes Only or any portion thereof. At least three days before a Party is shown any information designated as Confidential – Attorneys' Eyes Only, that Party shall provide notice to the Designating Party identifying each document at issue to allow the Designating Party an opportunity to object to the disclosure. If the Designating Party objects, the Confidential – Attorneys' Eyes Only Material shall not be shown or disclosed to the Parties until the Designating Party's objection is resolved through Court order or an agreement between the Parties.

(d) witnesses or deponents in the action during his or her testimony in this action only (witnesses who are not otherwise permitted to have access to the "Confidential" or "Confidential – Attorneys' Eyes Only" designated document or information shall not be permitted to retain a copy of the designated Protected Material);

(e) court reporters, videographers, and translators providing services in connection with any proceeding or testimony in this action;

(f) persons shown on the face of a document as being an author, sender, recipient, or copy recipient of the designated document or information;

(g) experts and consultants retained by a Party in connection with this action (including persons working under the direction or control of such experts and consultants);

(h) jurors;

(i) mock jurors and focus group members working under the supervision of counsel of record;

(j) outside vendors, photocopying, forensic, graphic production, and litigation support services, and investigators employed by the Parties or their counsel; and

(k) mediators that the Parties engage or that the Court appoints;

(l) any other person agreed to in writing by the Designating Party, or upon Order of the Court.

12. <u>Disclosure of Protected Material</u>. All persons, except for the Judge and court personnel, the Parties, jurors, and Outside Counsel of Record, to whom Protected Material is disclosed shall, before that disclosure, be advised that the Protected Material is being disclosed pursuant to the terms of the Order. All persons listed in paragraphs 10(h) and (l) and 11(g), (i) and (j) herein, and all non-parties subject to paragraphs 10(g) and 11(d), to whom Protected Material is disclosed shall, before the disclosure, execute the a confidentiality agreement, substantially in the form of **Exhibit 1**, which agreement shall be retained by counsel of record for the Party disclosing the Protected Material to such persons, for a period of at least one year following termination of this case.

13. <u>Unauthorized Disclosure of Protected Material</u>. Each Party shall have the responsibility, through counsel, to advise the Designating Party of any losses or compromises of the confidentiality of material so designated within forty-eight (48) hours of discovery that Protected Material was disclosed. It shall be the responsibility of the Party that lost or compromised the Protected Material to take reasonable measures to limit the loss or unauthorized disclosure.

14. <u>Disputes Concerning Protected Material</u>. The burden of proving that a document or testimony constitutes Protected Material is on the Designating Party. If a Receiving Party disagrees with the designation of any documents as "Confidential" or "Confidential – Attorneys'

Eyes Only", the Receiving Party will so notify the Designating Party in writing, identifying the material subject to the objection and specifying the reasons for the objection (for purposes of this paragraph "**Objecting Party**").  Thereafter, the Parties shall promptly meet and confer in good faith in an effort to resolve their differences.  If the disagreement cannot be resolved, the Objecting Party may file a motion for relief from designation of the material as Protected Material.  The material subject to the objection shall be maintained as Protected Material until such time as the Objecting Party's motion for relief has been ruled on or as otherwise agreed by the parties.

15. <u>In camera Review</u>. Nothing in this Order limits the right of any Party to petition the Court for an *in camera* review of the Protected Information.

16. <u>Use of Protected Material in Trial Proceedings</u>. Disclosure at trial of documents and information designated as Protected Material is governed as follows:

(a) <u>Protected Material Appearing on a Party's Exhibit List</u>. Absent a ruling by the Court to the contrary, documents and information designated as Protected Material that appear on an exhibit list or in deposition designations that are admitted into evidence at trial will be disclosed on the public record, and any examination relating to such information will likewise be disclosed on the public record, after compliance with the following process:

(1) Within seven calendar days after the Parties serve pretrial exhibit lists or within seven calendar days after the Parties serve deposition designations, whichever is later, the Party listing designated documents and information ("**Listing Party**") shall email the Designating Party or non-party to put it on notice that Protected Material has been listed and that, absent objection, that Protected Material will be disclosed on the public record.

(2) If a Designating Party objects to potential public disclosure of all or part of the information identified in the written notice, within seven calendar days of the date on which it received the notice, the Designating Party shall inform the Listing Party of the Protected Material for which it seeks protection from public disclosure. The Designating Party and Listing Party shall attempt in good faith to resolve their differences by agreement, including, for example, agreeing to redact Protected Material. If no resolution is reached, the Listing Party, within seven calendar days after receipt of the objection or completion of the conferral efforts, whichever is later, must file a motion for authorization to publicly disclose the information.

(b) <u>Protected Material Not Listed on a Party's Exhibit List</u>. Absent a ruling by the Court to the contrary, documents or deposition testimony designated as Protected Material by a Party or non-party that do not appear on an exhibit list or in deposition designations that are admitted into evidence at trial will be disclosed on the public record, and any examination relating to such information will likewise be disclosed on the public record, after compliance with the following process:

(1) The Party intending to use the Protected Material at trial must alert the Court before doing so that it intends to use Protected Material and that the Designating Party is not on notice.

(2) At that time, the Court will determine whether to seal the courtroom while such Protected Material is being discussed and/or whether to seal the Protected Material utilized.

(3) Within two (2) business days after a Party uses Protected Material not listed as contemplated in Paragraph 16(b) of this Order, that Party shall provide email

12

or otherwise provide written notice to any non-party that designated such Protected Material of such use and the Court's ruling, if known.

(4) If the non-party objects to public disclosure of all or part of the Protected Material described in the written notice, within seven (7) calendar days of the date on which it received the notice, the objecting non-party must file a motion for additional protection.

17. <u>Subpoena of Protected Material</u>. If at any time any Protected Material is subpoenaed by any person or entity purporting to have authority to require the production thereof, the person to whom the subpoena is directed, unless prohibited by law or court order, shall promptly give written notice, and include a copy of the subpoena or request, to any the Designating Party. The person to whom the subpoena is directed shall make reasonable, good faith efforts to provide the Designating Party a reasonable period of time in which to seek to quash the subpoena, or to move for any protection of the Protected Material, before the person to whom the subpoena is directed takes any action to comply with the subpoena.

18. <u>Binding Effect of Protective Order</u>. This Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control. After termination of this action, the provisions of this Order shall continue to be binding. The Court retains and shall have jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provisions of this Order following termination of this action.

19. <u>Modification of Protective Order</u>. This Order may not be waived, modified, abandoned or terminated, in whole or part, except by order of the Court, although the Parties may

agree via email (or in writing) to handle specific documents or information designated under this Order in a manner they deem appropriate. If any provision of this Order is held invalid for any reason, the remaining provisions shall not be affected. Any Party may apply to the Court for further or additional protective orders or for the modification of this Order.

20. <u>Designating Party's Right to Waive Its Own Confidentiality Designation</u>. Nothing in this Order shall be construed to prevent a Designating Party from waiving, withdrawing, or limiting its own confidentiality designation at any time.

21. <u>Return of Protected Material</u>. Within ninety (90) days after entry of a final order or judgment terminating this action, including all related proceedings and appeals, Protected Material in a Party's possession, including all paper and electronic copies thereof (except for work product and Protected Material designated by that Party) shall either be destroyed or returned to the person or entity who originally produced or provided the Protected Material. Upon request by a Party, each Party's counsel shall certify in writing that the procedures set forth in Paragraph 13(a) above have been completed. The provisions of this paragraph shall not apply to pleadings, motions, briefs, affidavits, attorney notes, transcripts (including exhibits referenced therein), awards, and orders.

22. <u>Effect of Confidentiality Order</u>. Nothing in this Confidentiality Order shall: (i) be construed to affect in any way the admissibility of any document, testimony, or other evidence at any hearing or other proceeding in this action; (ii) be construed to limit any Party's or non-party's use or disclosure of its own documents, materials, or information whether or not designated as Protected Material by any party or non-party; (iii) prevent or in any way limit disclosure, use, or dissemination of any information or documents that are publicly available, publicly known, or available from some source other than in connection with this action; (iv) prejudice the rights of

any Party to object to the discoverability of any document or information or to introduce into evidence at any hearing or other proceeding in this action any document, testimony, or other evidence; (v) prejudice the right of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence, (vi) be construed as requiring any Party or non-party to act in a manner that is contrary to any law (including, for example, HIPAA), (vii) operate as an admission by any Party or non-party that a document or information contains or reflects any confidential, proprietary, trade secret, or other sensitive information; (viii) prejudice in any way the rights of any Party or non-party to object to the production or admission of any documents or information or (ix) waive any Party's or non-party's rights to redact or object to redactions of social security and account numbers contained within documents or information.

23.     <u>Additional Parties</u>. Any additional party joined in this action shall be governed by this Order unless otherwise ordered by the Court or agreed by the parties.

24.     <u>Other Obligations</u>. Nothing herein shall be construed as requiring a Party or non-party to subject itself to any penalties for noncompliance with any agreement, legal process or court order, law, or to seek any relief from this Court. This paragraph does not eliminate, reduce, or otherwise affect any obligation with respect to confidentiality or disclosure of information that exists or arises outside of this Order (including as applicable under HIPAA).

25.     <u>Inadvertent Disclosure of Privileged Documents</u>. Pursuant to Federal Rule of Evidence 502(d), the inadvertent disclosure of any document or information in this action by any Party or person, that such Party or person later claims should have been withheld on grounds of a privilege (an "Inadvertently Produced Material"), including but not limited to the attorney-client privilege and work product doctrine, will not be deemed, in itself, to waive any privilege or work product protection either as to specific information in the Inadvertently Produced Material or as to

any other information relating thereto or on the same or related subject matters. To the extent FRE 502(b) conflicts with this Order, this Order shall control and supersede 502(b).

26. <u>Notification Requirements</u>. A Party or person claiming privilege or other protections for an Inadvertently Produced Material may notify any Party that received the documents and state the basis for the privilege. Alternatively, if a Party discovers what it believes to be Inadvertently Produced Material, the Party will promptly notify the party or non-party that disclosed the document or other information of what it believes to be the Inadvertently Produced Material (no Party or non-party will be found in violation of this Order for failing to initially identify an Inadvertently Produced Material). After discovering, or being notified of potentially Inadvertently Produced Material, any Party that received such documents or information (i) must not use or disclose them in any way, for any purpose, (ii) must take reasonable steps to retrieve them if they were disclosed before being notified of or discovering the inadvertent production and (iii) must destroy or sequester all versions of such documents or information. Any Party may move the Court for an order compelling production of the Inadvertently Produced Material, but such Party may not assert as a ground for entering such an order the mere fact of inadvertent production.

27. <u>Voluntary and Subject Matter Waiver</u>. This Order does not preclude a Party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Fed. R. Evid. 502(a) are not impacted by this Order.

28. ***Nothing in this Order shall serve to modify the Scheduling Order [ECF No. 52] and its restrictions on filing discovery motions.***

**DONE AND ORDERED** in Miami, Florida, this 13th day of November, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record

CASE NO. 24-22875-CIV-ALTONAGA

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-22875-CIV-ALTONAGA/Reid

**MAINSAIL PARENT, LLC**; *et al.*,

    Plaintiffs,

v.

**DAVID JEWELL**, *et al.*,

    Defendants.

_____/

### EXHIBIT 1 – CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge that I have received a copy of the confidentiality and protective order, as docketed in the case *Mainsail Parent, LLC et al. v. Jewell et al.*, No. 24-cv-22875, pending before the United States District Court for the Southern District of Florida (the "Order"). I agree and acknowledge that I have read the Order and understand the obligations and restrictions imposed upon me thereby, and I agree to be bound by its terms. I hereby submit to the jurisdiction of the United States District Court for the Southern District of Florida with respect to any action or proceeding arising out of, or in any way related to, the enforcement of the Order.

_____
Signature

_____
Name

_____
Title

_____
Date