UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MAINSAIL PARENT, LLC
d/b/a ASPIRION, et al,                                        CASE No. 1:24-cv-22875-CMA

      *Plaintiffs*,

v.

DAVID JEWELL, et al

      *Defendants*.
_____/

### DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY AND EXPERT REPORT OF CHERI KANE

      Defendants David Jewell, Michael Cameron, Alisha Mays, Megan Kelly, Devannie Abell, and Ternium LLC file this Motion to Exclude the Testimony and Expert Report of Cheri Kane and state as follows:

### INTRODUCTION

      Plaintiffs have disclosed Cheri Kane as an expert. *See* Exhibit A – Kane Report. Ms. Kane describes herself as an expert on the healthcare revenue cycle management industry. But that description is illusory. The real purpose of Ms. Kane's expert report is obvious: Ms. Kane is Plaintiffs' "legitimate business interest" expert. In other words, Ms. Kane has taken key concepts from Florida non-compete and trade secret law and fashioned an expert report around those concepts. Ms. Kane's so-called expert testimony does lots of work for the Plaintiffs and blankets the waterfront. She attests to the importance of client relationships, the existence of trade secrets, and the extraordinary nature of Plaintiffs' employee training. Ms. Kane's proffered expert testimony is both unnecessary and improper.

### I.   MEMORANDUM OF LAW

#### A.  STANDARD

      Expert testimony is only admissible when: (1) the expert is qualified to testify regarding the subject matter; (2) the expert's methodology is sufficiently reliable and (3) the expert's testimony will assist the trier of fact in understanding the evidence or determining a fact at issue. *See Chapman v. Procter & Gamble*, 766 F.3d 1296, 1304 (11th Cir. 2014). Courts have a critical gatekeeping function when it comes to expert testimony. *See, e.g., United States v. Frazier*, 387

F.3d 1244, 1260 (11th Cir. 2004); *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1310 (11th Cir. 1999). They must ensure "that speculative and unreliable opinions do not reach the jury." *McClain v. Metabolife*, 401 F.3d 1233, 1237 (11th Cir. 2005).

**B. ARGUMENT**

Ms. Kane's expert opinions can be summarized as follows:

- The industry is complex and competitive.
- Relationships are important and drive business.
- The Defendants gained a competitive advantage from working at Aspirion.
- Aspirion hires JD's and this is a unique model.
- Aspirion has trade secrets that are essential to its success.
- Without relying on Aspirion's relationships, employees, and confidential information, and training it would have been impossible for Ternium to establish a successful competing venture in short order.

Ms. Kane's proffered expert testimony is highly problematic for several reasons. First, nothing here is so complex as to render expert testimony necessary or useful. When asked to summarize her expert opinion, Ms. Kane stated the following:

> My expert opinion is that relationships, training, training employees, along with confidential information, have a direct impact on vendors and can specifically create a competitive advantage if used, misappropriated in an incorrect manner.

*See* Exhibit B – Kane Dep. at 9:18 – 9:22. When asked to explain how this testimony would help the jury, Ms. Kane explained:

> Yes. So it helps -- it's going to help the jury, the court, understand, you know, the revenue cycle, the unique aspects of revenue cycle management, what the market looks for, how the market makes decisions, how the hospitals make decisions when they are selecting vendors, and whether or not the vendor in this case, Aspirion, had their information misappropriated and potentially used to better independents.

*Id*. at 10:15 to 10:23. Ms. Kane went on to state that the purpose of her testimony is to explain "how sales occur." *Id*. at 11:16-17. Expert testimony is neither necessary nor useful for any of this. And Ms. Kane's brief deposition makes it clear that she should not be permitted to testify to the jury because her testimony adds nothing meaningful.

Second, Ms. Kane and her expert report should be excluded because of Ms. Kane's repeated reliance on legal conclusions. Throughout her report and her testimony, Ms. Kane repeatedly invoked the concept of trade secrets. For one thing, Ms. Kane is not a lawyer. Ms. Kane

is not an expert on trade secrets. Ms. Kane has never been permitted by a court to testify about what is or is not a trade secret. But here, Ms. Kane proposes to testify about the law, about what constitutes a trade secret, and about the misappropriation of trade secrets. In so doing, she strays far beyond the scope of any expertise she may have and infringes on the Court's role in instructing the jury on the law. Likewise, Ms. Kane basically proposes to tell the jury that Defendants are the bad guys, stole trade secrets, and caused all Plaintiffs' problems. This is not appropriate for expert testimony. *See, e.g., Montgomery v. Aetna*, 898 F.2d 1537, 1541 (11th Cir. 1990) (expert may not merely tell the jury what result to reach and offer opinions on the law or legal implications of conduct).

Third, Ms. Kane proposes to testify about how Aspirion is so unique and singular within the market but struggled to identify Aspirion's key competitors and never conducted any research into the type of information those competitors possess. Ex. B at 19:1-22:13. When pressed, Ms. Kane was only able to name 3 of Aspirion's competitors. *Id*. Likewise, Ms. Kane admitted that she had no knowledge of what mix of information or data any of Aspirion's competitors had access to. Likewise, Ms. Kane had no knowledge of what sorts of training leading companies in the industry provided. *Id*. at 34:19 to 35:22.

Fourth, Ms. Kane at times strayed into offering testimony about damages and causation. *Id.* at 22:14-26:16. At one point, Ms. Kane testified that the Defendants caused an 83% reduction in claims placed with Aspirion by the client Banner. Likewise, Ms. Kane opined in her report that Defendants making informal and casual contact with clients and potential clients (e.g., an email about a college football game) "permanently damaged Aspirion's client relationships and reputation in the marketplace." Ex. A at 13:44. Opinions of this nature are wildly speculative and far outside of Ms. Kane's purview.

## **CONCLUSION**

For all the foregoing reasons, the Court should exclude Ms. Kane's testimony and report.

Dated: January 21, 2025
                  Respectfully submitted,

                  By: /s/ *Christopher S. Prater*
                     **Jonathan E. Pollard**
                     Florida Bar No.: 83613
                     jpollard@pollardllc.com
                     **Christopher S. Prater**
                     Florida Bar No.: 105488
                     cprater@pollardllc.com

                                                               **Michael A. Boehringer**
                                                               Florida Bar No.: 1018486
                                                               mboehringer@pollardllc.com
                                                               **Pollard PLLC**
                                                               401 E. Las Olas Blvd., #1400
                                                               Fort Lauderdale, FL 33301
                                                               Telephone: 954-332-2380
                                                               Facsimile: 866-594-5731
                                                               *Attorneys for Defendants*

## CERTIFICATE OF CONFERRAL

**I HEREBY CERTIFY** that on January 21, 2025, I conferred with counsel for Plaintiffs regarding the relief requested herein over the phone and was advised that Plaintiffs oppose this motion.

                                                             By: */s/ Christopher S. Prater*
                                                                     Christopher S. Prater

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 21, 2025, the forgoing document was electronically served via email to all counsel of record.

                                                             By: */s/ Christopher S. Prater*
                                                                     Christopher S. Prater