UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-22875-CIV-ALTONAGA/Reid

**MAINSAIL PARENT, LLC**; *et al.*,

    Plaintiffs,
v.

**DAVID JEWELL**, *et al.*,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court upon Defendants, David Jewell, Michael Cameron, Alisha Mays, Megan Kelly, Devannie Abell, and Ternium LLC's Unopposed Motion to Seal Filings ("Motion to Seal") [ECF No. 113]; Motions to Exclude the Testimony and Expert Reports of David Duffus and Cheri Kane (collectively, "Motions to Exclude") [ECF Nos. 114–15]; and Emergency Motion Unopposed to . . . Strike [Defendants' Motion for Summary Judgment [ECF No. 117]] from the Public Docket ("Emergency Motion") [ECF No. 118], filed on January 21 and 22, 2025.  The Court has reviewed the Motions, the record, and applicable law.

***Motion to Seal.*** Courts "have discretion to determine which portions of the record should be placed under seal, but [such] discretion is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (alteration added).  Public or judicial records are presumptively public, while documents which are not considered public or judicial records, such as discovery documents, are not. *See F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 62–63 (11th Cir. 2013).  "Judges deliberate in private but issue public decisions after public arguments based on public records.  Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires

rigorous justification." *Perez-Guerrero*, 717 F.3d at 1235 (alteration adopted; citation and quotation marks omitted).

The parties' agreement to seal a document is irrelevant. *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (stating it was "immaterial" whether the parties agreed to seal the record, because the case was "no longer solely the parties' case, but also the public's case"). "Absent a showing of extraordinary circumstances set forth by the district court in the record . . . the court file must remain accessible to the public." *Id.* (alteration added).

Defendants ask the Court to "seal the contents and exhibits" of their Motions to Exclude, Statement of Material Facts [ECF No. 116], and Motion for Summary Judgment ("MSJ") [ECF No. 117], as well as any future discussion of these materials. (Mot. to Seal 1; *see also id.* 2–3).[1] Defendants explain that this request stems from Plaintiffs' designation of the referenced materials as "Confidential" or "Attorney's Eyes Only" during discovery. (*Id.* 1).

Upon review of the Motion to Seal, the Court is left unconvinced that the presumption in favor of public access should be cast aside. Plaintiffs indicated to Defendants that the extensive redacted information "is confidential or a trade secret[.]" (*Id.* 1 (alteration added)). This bald assertion fails to persuade that compelling and extraordinary circumstances exist. This is a public proceeding, the case filings are public, and the case will be tried in a public courtroom. Furthermore, the Court will not review and draft dispositive, public orders burdened by efforts to omit references to facts Plaintiffs deem sensitive and confidential — yet necessary for review and consideration — on a record filed under seal.

In sum, Defendants may refile the Motions after redacting confidential information that

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

should not appear on the public docket and is unnecessary for the Court's resolution of the Motions; or, alternatively, placing the information on the public filings.

***Emergency Motion.***  Defendants also seek to seal or strike their MSJ, acknowledging that their filing inadvertently includes unredacted financial information that Plaintiffs labeled as "confidential or proprietary[.]". (Emergency Mot. 2 (alteration added)).  Given that the Motion is unopposed, and Defendants are given leave to refile their MSJ consistent with these instructions, the MSJ will be stricken.

***Motions to Exclude.***  Finally, as noted, Defendants filed two *Daubert* Motions, seeking to exclude testimony and reports from two of Plaintiffs' experts.  (*See generally* Mots. to Exclude). Yet, the Scheduling Order [ECF No. 52] instructs that, "[i]n the event of a jury trial, each party is limited to filing one *Daubert* motion." (*Id.* 2 (alteration added)).  Defendants are reminded that they must adhere to the Scheduling Order.  *See Ziegler v. M/V Intermission*, No. 17-cv-60693, 2017 WL 4119410, at *5 (S.D. Fla. Sept. 18, 2017); (*see also* Sched. Order 1).

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Unopposed Motion to Seal Filings **[ECF No. 113]** is **DENIED**.

2.  Defendants' Emergency Motion Unopposed to . . . Strike [Defendants' Motion for Summary Judgment [ECF No. 117]] from the Public Docket **[ECF No. 118]** is **GRANTED**.  The Motion for Summary Judgment **[ECF No. 117]** is **STRICKEN**.  Defendants have until **January 24, 2025** to refile their unredacted summary judgment motion.

3. Defendants' Motions to Exclude **[ECF Nos. 114, 115]** are **DENIED**.  Defendants may consolidate the arguments from the Motions into a single *Daubert* motion and re-file it no later than **January 24, 2025**.

CASE NO. 24-22875-CIV-ALTONAGA/Reid

4. This Order shall not be filed under seal.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of January, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record