UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:24-cv-22875-CMA - Civ.

MAINSAIL PARENT, LLC
d/b/a ASPIRION, *et al.*,

      Plaintiffs,

v.

DAVID JEWELL, *et al*.

      Defendants.

_____/

**PLAINTIFFS' MOTION TO SEAL OR REQUIRE REDACTION
AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Southern District of Florida Local Rule 5.4(b), the Stipulated Confidentiality Order ("Order") (D.E. 77 ¶ 9), and Federal Rule of Civil Procedure 26, Plaintiffs Mainsail Parent, LLC d/b/a Aspirion and Specialized Healthcare Partners, LLC (together, "Plaintiffs" or "Aspirion"), by and through undersigned counsel, hereby move this Court to seal Plaintiffs' lists of current and prospective clients from the public docket indefinitely. These lists are attached as **Exhibits A and B** to Plaintiffs' interrogatory responses, which interrogatory responses Defendants have included as **Exhibits H, I, and J** to the Statement of Material Facts for their Motion for Partial Summary Judgment (D.E. 116-8, 116-9, and 116-10). They are currently filed on the docket in redacted form, but Plaintiffs understand that Defendants intend to re-file their summary judgment papers pursuant to the Court's Order denying Defendants' sealing motion, *see* Jan. 22, 2025, Order (D.E. 119), with the customer lists filed on the public docket in unredacted form. For the reasons set forth below, Aspirion respectfully requests that the Court require that the customer

lists be either filed and maintained in redacted form only or be filed under seal (if unredacted) and remain under seal indefinitely.

## INTRODUCTION

Aspirion is mindful that the Court denied Defendants' sealing motion that accompanied their filings. But the Court issued its Order before Plaintiffs were given an opportunity to be heard. Sealing the client lists is consistent with the Court's Order, in which the Court indicated that "Defendants may refile the Motions after redacting confidential information that should not appear on the public docket and is unnecessary for the Court's resolution of the Motions…." Order at 2–3 (D.E. 119). The current and prospective client lists are valuable confidential business information of Plaintiffs. And the identities of every single one of Plaintiffs' current and prospective clients is not necessary for the Court to resolve Defendants' summary judgment motion. Nothing in Defendants' motion, for example, requires the Court – or the public at large, for that matter – to scrutinize each listed entity in order to adjudicate the merits of Defendants' motion; and Plaintiffs are not seeking the sealing or redaction of the identities of those specific current or prospective clients that Defendants have in fact solicited, serviced, or otherwise interfered with (referenced in the body of the interrogatory responses and elsewhere in Defendants' filings).

Accordingly, Plaintiffs respectfully request that the Court seal the current and prospective customer lists in **Exhibits A and B** to Plaintiffs' interrogatory responses indefinitely or require Plaintiffs to filed them in redacted form only.

## INCORPORATED MEMORANDUM OF LAW

### I. Legal Standard

Southern District of Florida Local Rule 5.4(b) provides that a party seeking to file under seal must set forth "the factual and legal basis for departing from the policy that Court filings be

public" and describe the proposed sealed filing with sufficient particularity without revealing the confidential information. S.D. Fla. L.R. 5.4(b)(1). As noted by this Court, a request to seal the entirety an exhibit is distinct from a request to seal portions of the exhibits. *See* ECF 29 at p.2 ("Rather, portions of the exhibits may be redacted."). As also noted by this court, Courts "have discretion to determine which portions of the record should be placed under seal, but [such] discretion is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (alteration added).

The public's right of access, however, is not absolute and "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and citations omitted). When determining whether to seal a document, courts consider, among other factors "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* (citations omitted).

## II.     Argument

Plaintiffs' current and prospective client lists were compiled over numerous years with great effort. The lists are confidential, not publicly available, and have significant economic value. *See* Declaration of Amy Amick (D.E. 1-9) ¶¶ 16 ("Aspirion's Confidential Information . . . encompasses, among other things, its most sensitive trade-secret, confidential competitively-

3

sensitive, proprietary, and commercially valuable business information, including the Company's . . . prospective and existing customers . . . .), 18–25 (describing efforts Aspirion undertakes to maintain the confidentiality of its competitively-sensitive business information and trade secrets).

Florida law is clear that these lists constitute protectable trade secrets under Florida Law. "Courts consistently find that customer lists and pricing information constitute trade secrets." *Lupin Atlantis Holdings SA v. Zeng*, No. 23-61621-CIV, 2024 WL 4491993, at *4 (S.D. Fla. Oct. 15, 2024); *see also Hayes Med. Staffing, LLC v. Eichelberg*, No. 0:23-CV-60748, 2024 WL 670440, at *7 (S.D. Fla. Jan. 23, 2024); *All Star Recruiting Locums, LLC v. Ivy Staffing Sols.*, LLC, No. 21-62221-CIV, 2022 WL 2340997, at *10 (S.D. Fla. Apr. 8, 2022); *Marine Turbo Eng'g, Ltd. v. Turbocharger Servs. Worldwide*, LLC, 2012 WL 13005811, at *8 (S.D. Fla. July 23, 2012); *Confianca Moving, Inc. v. De Oliveira*, No. 10-23035-CIV, 2011 WL 13269500, at *4 (S.D. Fla. Jan. 24, 2011).

For this reason, courts in this district have repeatedly held that good cause exists to seal current and prospective customer lists (or require that they be filed in redacted form only), since the party's privacy or proprietary interest in these trade secrets overcomes the interest of the public in accessing the information, and disclosure of client lists could result in unnecessary harm and prejudice. For example, in *MSP Recovery Claims, Series LLC v. Ameriprise Ins. Co.*, the court granted the plaintiffs' motion to seal the names of plaintiff's clients, reasoning that the "public disclosures…may result in unnecessary harm and prejudice to laintiff's business." No. 17-CIV-24033, 2018 WL 325008, at *2 (S.D. Fla. Jan. 8, 2018). Moreover, the prejudice to plaintiff would have been substantial since plaintiff had "taken many years of hard work to assemble" the lists, whereas the harm to the defendant was minimal since the "[d]efendant will have access to an un-redacted version of the complaint and a complete customer list…." *Id.*; *see also Intra Mgmt. Sols.,*

4

*Inc. v. Schnairsohn*, No. 0:24-CV-61334, 2024 WL 4474510 (S.D. Fla. Sept. 4, 2024) (granting plaintiff's motion to seal exhibits containing the names of current, former, and prospective employees, client, and customer information); *ADT LLC v. Vivint Smart Home, Inc.*, 20-CV-23391, 2022 WL 17736186, at *1 (S.D. Fla. Dec. 16, 2022) (permitting redaction of customer names and other information); *Charles Schwab & Co. v. Aviles*, No. 07-21745-CV, 2007 WL 9702745, at *3 (S.D. Fla. Nov. 28, 2007) (holding defendant must file records pertaining to plaintiff's customers and potential customers obtained during defendant's employment with plaintiff under seal).

Other federal courts in Florida likewise have sealed or permitted redaction of customer names in court filings. In *Foundever Operating Corp. v. Hahn*, for example, a misappropriation of trade secrets and breach of contract case, the court held "good cause supports the sealing of the unredacted exhibits from the public record to protect the identity of Founder's current and prospective customers." No. 8:23-CV-1495-CEH-UAM, 2023 WL 7273571, at *2 (M.D. Fla. Nov. 3, 2023). And in *U.S. ex rel. Westfall v. Axiom Worldwide, Inc.*, the court granted the motion to seal and rejected the argument that "the customer list is not confidential because the identities of Defendants' customers can be discovered through internet searches." No. 806-CV-571-T-33TBM, 2008 WL 5341140, at *4 (M.D. Fla. Dec. 19, 2008).

Applying the *Romero* factors, this Court should grant this Motion. Restricting access to Plaintiffs' client lists would not impair court functions. Defendants' motion for summary judgment makes general claims that Plaintiffs have not adduced sufficient evidence supporting that Plaintiffs have substantial business relationships with their <u>current</u> and <u>former</u> customers. Defs' Mot. for Summ. J. (D.E. 117), at ¶¶ 2–5. The Court rejected that argument once already in ruling on Plaintiffs' motion for a preliminary injunction, *see* Aug. 26, 2024 Order (D.E. 60), at 6–7, and

5

Defendants' rehashed arguments present no reason for the Court to depart from its prior ruling. Regardless, other than the specific customers that Defendants have solicited/serviced, the identities of whom Plaintiffs do not seek to seal, Defendants' summary judgment arguments do not require the Court to consider the customer lists as a whole. *See generally* (D.E. 117), at ¶¶ 2–5.

On the other hand, disclosure on the public docket harm would harm Plaintiffs' legitimate confidentiality interests in the lists and cause economic harm to the Plaintiffs. Competitors could learn, for example, which customers Aspirion, through its business acumen and data analysis, has identified to pursue and which ones it already services. The lists do not concern public officials or public concerns, and there is no availability of a less onerous alternative to sealing/redacting Plaintiffs' lists. Thus, consistent with applicable case law, this Court should grant Plaintiffs' Motion to Seal.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order granting this Motion, determining that Plaintiffs' current and prospective client lists are confidential, and ordering that Defendants file Plaintiffs' interrogatory responses with those lists redacted, or require them to file them under seal in unredacted form and remain under seal indefinitely.

## CERTIFICATE OF CONFERRAL

**I HEREBY CERTIFY** that on January 23, 2025, I conferred with counsel for Defendants regarding the relief requested herein over the phone and email and was advised that Defendants oppose the motion. Counsel then indicated in writing that Defendants would agree to redact certain client names if Plaintiffs "stipulate that the only customers at issue in this case are the 9 listed in the [Plaintiffs' damages expert's] report (Advent, Banner, Baptist, Christus, CHOC, Evangelical, Advent, Ochsner, and Parkview) or those named in your clients' written

6

interrogatory answers…." Because that stipulation is overbroad and unwarranted, Plaintiffs could not agree to Defendants' position.

DATED: January 24, 2025

Respectfully submitted,

/s/ *Jorge D. Guttman*
Jorge D. Guttman
Florida Bar No. 15319
jguttman@gunster.com
Becky N. Saka
Florida Bar No. 1010315
bsaka@gunster.com
Nicolaos Soulellis
Florida Bar No. 1031737
nsoulellis@gunster.com
**GUNSTER**
600 Brickell Avenue, Suite 3500
Miami, FL 3313
Tel: 305-376-6000

Robert B. Gilmore*
Philip J. O'Beirne*
Kevin L. Attridge*
Samantha P. Christensen*
Jacqueline C. Lau*
**STEIN MITCHELL BEATO**
**& MISSNER LLP**
2000 K Street NW, Suite 600
Washington, DC 20005
Tel: 202-737-7000
RGilmore@steinmitchell.com
POBeirne@steinmitchell.com
KAttridge@steinmitchell.com
SChristensen@steinmitchell.com
JLau@steinmitchell.com

* admitted *pro hac vice*

**Counsel for Plaintiffs**

7

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on January 24, 2025, a true and correct copy of the foregoing has been filed with the Clerk of the Court and using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ *Jorge D. Guttman*  
Jorge D. Guttman

ACTIVE:35527205.1